# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HENRY ALEJANDRO LOPEZ,<br><br>Defendant. | Case No. 1:14-cr-00128-SKO<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>ECF NO. 11 |

On February 6, 2015, Defendant Henry Alejandro Lopez ("Defendant") filed a motion for reconsideration of the Court's January 23, 2015 order denying a stipulation filed by the parties pertaining to Defendant's restitution, penalty and fine obligations. (ECF No. 11.) The parties had filed a stipulation that Defendant's payments be applied toward Defendant's fine before being applied toward Defendant's restitution obligations. The Court denied the stipulation, citing 18 U.S.C. § 3612(c), because the Court lacked authority to modify the sequence of the disbursement of Defendant's funds.

Defendant now asks for reconsideration of the Court's order. Instead of asking for all payments to be applied toward the fine first before the restitution obligation, Defendant argues that **only** the payments made on September 15, 2014, October 6, 2014 and November 6, 2014 should be applied toward his fine instead of his restitution obligation.

///

Defendant notes that the judgment in this action created the following payment schedule:

> 1) Restitution in the amount of $16,169.00 to be paid to victim, Social Security Administration, at the rate of $200.00/mo. beginning 1/5/2015, until paid in full;
> 2) Fine in the amount of $1,400.00 to be paid at the rate of $400/mo. beginning 9/5/2014, until paid in full.

(See Judgment in a Criminal Case, at pg. 4, ECF No. 8.) Defendant argues that since the payment schedule made the fine payments due before the restitution payments, the payments Defendant made in September, October and November should be applied toward his fine, since they were made under the fine payment schedule and were made before the restitution payments were due. Defendant further argues that the Court lacks authority to modify the payment schedule in the judgment, because the time for doing so expired under Federal Rule of Criminal Procedure 35.

Defendant also notes that the payment records from the Clerk of the Court show that the September, October and November payments were applied by the Clerk of the Court toward Defendant's restitution obligations, instead of toward the fine obligation as suggested by the language of the judgment.

The priority for disbursement of funds received from Defendant is governed by 18 U.S.C. § 3612(c), which states, in pertinent part:

> ...Any money received from a defendant shall be disbursed so that each of the following obligations is paid in full in the following sequence:
> (1) A penalty assessment under section 3013 of title 18, United States Code.
> (2) Restitution of all victims.
> (3) All other fines, penalties, costs, and other payments required under the sentence.

Under 3612(c), **all** money received from Defendant must be applied toward restitution before being applied toward the fine.

Defendant also correctly notes that, under Federal Rule of Criminal Procedure 35(a), there is a 14 day time limit to "correct a sentence that resulted from arithmetical, technical, or other clear error." This fourteen day deadline is jurisdiction, divesting the district court of the power to amend a sentence after fourteen days. U.S. v. Aguilar-Reyes, 653 F.3d 1053, 1055 (9th

Cir. 2011).

Through their motion for reconsideration, Defendant requests that the Court issue an order directing the Clerk of the Court to apply the funds received from Defendant toward the balance owed on Defendant's fine.  However, any such order would essentially be ordering the Clerk of the Court to violate Section 3612(c)'s mandate that all funds received from Defendant must be applied toward Defendant's restitution first.  The Court declines to issue an order directing the Clerk of the Court to violate the United States Code.  Moreover, consistent with Section 3612(c), **all** funds paid by Defendant must be applied toward Defendant's restitution obligations first before any is applied toward Defendant's fine.

Admittedly, the judgment issued in this matter appears to imply that $200.00 per month should apply toward Defendant's restitution obligations and $400.00 per month should apply toward Defendant's fine.  However, that interpretation violates Section 3612(c).  Notably, nothing in the judgment expressly directs the Clerk of the Court to disburse funds received from Defendant in this manner.  It appears that the Clerk of the Court interpreted the judgment as setting a schedule regarding how much is due from Defendant per month and not as a mandate on how the funds should be disbursed.  In other words, the references to restitution and fines merely provided a justification for the total amounts imposed and not as instructions on how the funds should be disbursed.  Since this interpretation is consistent with Section 3612(c)'s requirements, the Court will not step in to issue a mandate directing the Clerk of the Court to adopt an alternative approach which violates Section 3612(c).

As stated by Defendant, the Court no longer has jurisdiction under Rule 35 to alter the judgment in any way.  If the parties believe there is any defect in the judgment warranting a modification of the sentence, that issue must be taken up on appeal.  See U.S. v. Stump, 914 F.2d 170, 172 (9th Cir. 1990) (district court authority to resentence defendant must flow from either Federal Rule of Criminal Procedure 35 or a court of appeals mandate).

/ / /

/ / /

/ / /

1  Based upon the foregoing, the motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated: **February 23, 2015**

_____
UNITED STATES MAGISTRATE JUDGE